IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

BILLY G. HARRIS                                                    PETITIONER


v.                              NO. 2:08CV00030 JLH-JFF


TIM OUTLAW,
Warden, FCI Forrest City,
Arkansas                                                          RESPONDENT


## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

District Judge, you must, at the same time that you file your written objections, include

the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of
        proof, and a copy, or the original, of any documentary or
        other non-testimonial evidence desired to be introduced at
        the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Petitioner, an inmate at the Federal Correctional Complex in Forrest City,

Arkansas, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241

challenging his federal convictions for first-degree murder of two members of the Osage

Indian tribe within the Indian country.  For the following reasons, the Magistrate Judge

undersigned recommends that the petition be dismissed without prejudice for lack of

subject matter jurisdiction.

Petitioner, a non-Indian, was indicted in 1989 in the United States District Court

for the Northern District of Oklahoma for first-degree murder of two members of the

Osage Indian tribe within the Indian country in violation of 18 U.S.C. § 1111,[1] 18 U.S.C.

§ 2,[2] and 18 U.S.C. § 1153.[3] Section 1153 confers federal jurisdiction over the offense

---

[1]  Section 1111 provides in pertinent part:

**(a)** Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnaping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

[2]  Section 2 provides:

(**a**) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

**(b)** Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

[3]  Section 1153 provides in pertinent part:

**(a)** Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder . . . within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

**(b)** Any offense referred to in subsection (a) of this section that is not defined and punished by Federal law in force within the exclusive jurisdiction of the United States shall be defined and punished in accordance with the laws of the State in which such offense was committed as are in force at the time of such offense.

of murder of an Indian committed by an Indian within the Indian country.  In 1990, a jury convicted Petitioner of the two counts of first-degree murder in violation of 18 U.S.C. § 1111, 18 U.S.C. § 2, and 18 U.S.C. § 1152.[4]  Section 1152 confers federal jurisdiction over the offense of murder of an Indian committed by a non-Indian within the Indian country.  Petitioner was sentenced to life imprisonment without parole on each conviction, the sentences to run concurrently.  The district court also ordered Petitioner to pay restitution to the victims.

Petitioner appealed his convictions to the United States Court of Appeals for the Tenth Circuit.  For reversal, he argued, *inter alia*, that the district court erred in allowing him to be prosecuted under 18 U.S.C. § 1153 and that the evidence was insufficient to prove a violation of § 1153.  The Tenth Circuit found that because Petitioner is a non-Indian and the murder victims were Indians, the indictment should have charged a

_____

[4] Section 1152 provides:

Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country.

This section shall not extend to offenses committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively.

violation of 18 U.S.C. § 1152, not 18 U.S.C. § 1153. However, the Tenth Circuit held that the "jurisdictional error" in the indictment was harmless beyond a reasonable doubt. In so holding, the Court found that (1) Petitioner was fully apprised of the murder charges against him and of the alleged facts upon which federal jurisdiction was conferred, (2) the indictment charged that the victims were each Osage Indians and that the murders had been committed on an Osage Indian allotment, (3) the government established at trial that the alleged murders occurred within Indian country as required by 18 U.S.C. § 1152, and (4) it was inconceivable that Petitioner's defense would have been any different had the indictment charged a violation of § 1152 instead of §1153. The Tenth Circuit affirmed Petitioner's convictions. Petitioner also challenged his sentence, arguing that the district court improperly ordered him to pay restitution to the victims. The Tenth Circuit vacated the order of restitution and remanded the case solely for a determination of whether there was any evidence that Petitioner could satisfy the restitution order. *United States v. Harris*, 1992 U.S. App. LEXIS 2830 (10th Cir. Feb. 21,1992). On remand, the district court reimposed the order of restitution. In a subsequent appeal, the Tenth Circuit affirmed the order of restitution. *United States v. Harris*, 7 F.3d 1537 (10th Cir. 1993).

On April 28, 1997, Petitioner filed a motion in district court to vacate his sentence pursuant to 28 U.S.C. § 2255. He raised numerous grounds for relief, including that (1) the federal murder statute, 18 U.S.C. § 1111, did not apply to Petitioner's conduct outside the special maritime and territorial jurisdiction of the United States, (2) the Indian country offense statute, 18 U.S.C. § 1153, did not apply to the conduct of Petitioner, a non-Indian, (3) Petitioner's charged offense did not take place on an Indian

reservation, and (4) Petitioner's offense did not take place on Indian allotment land. In an order and judgment entered on July 29, 1998, the district court rejected these claims and denied Petitioner's § 2255 motion.  Petitioner appealed to the Tenth Circuit. The Tenth Circuit denied Petitioner's request for a certificate of appealability and dismissed his appeal. *United States v. Harris*, 1999 U.S. App. LEXIS 28412 (10th Cir. Nov. 1, 1999).

On October 11, 2005, Petitioner filed a motion for relief from the judgment entered by the district court on July 29, 1998.  The district court construed the motion as a second or successive § 2255 motion and transferred the motion to the Tenth Circuit for authorization.[5] The Tenth Circuit subsequently denied Petitioner authorization to file a second or successive § 2255 motion.

On February 8, 2007, Petitioner filed another motion in district court to vacate his sentence pursuant to 28 U.S.C. § 2255. For relief, he argued that the district court lacked jurisdiction to impose judgment. The district court found that the motion was a

---

[5] Before filing a second or successive  § 2255 motion, a prisoner must receive authorization from the appropriate Court of Appeals. 28 U.S.C. § 2244(b)(3); *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002).  Authorization may be granted only if the appropriate Court of Appeals certifies that the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255, ¶ 8.

second or successive § 2255 motion and transferred the motion to the Tenth Circuit for authorization.  The Tenth Circuit subsequently denied Petitioner authorization to file a second or successive § 2255 motion.

On March 12, 2008, Petitioner filed his § 2241 petition in this Court.  Petitioner has raised the following grounds for relief: His first-degree murder convictions were obtained in violation of due process and he is actually innocent of his convictions because (1) the residence where the victims were murdered was not Indian country or Indian land, and (2) he could not have committed the murders in violation of 18 U.S.C. § 1111 and 18 U.S.C. § 1153 as he is not an Indian.

The Respondent has filed a motion to dismiss Petitioner's petition (docket entry # 5), asserting that Petitioner is precluded from presenting his claims pursuant to § 2241 because he cannot satisfy the requirements of § 2255's savings clause by showing that § 2255 is inadequate or ineffective to test the legality of his detention.

In his § 2241 petition, Petitioner attacks the legality of his federal convictions for first-degree murder. A collateral challenge to the legality of an underlying federal conviction is "most appropriately" brought as a motion to vacate under 28 U.S.C. § 2255. *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000); *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir.2003). Section 2241 ordinarily is reserved for attacks on the execution of a federal prisoner's sentence. *See Matheny*, 307 F.3d at 711. Section 2255 does contain a narrowly-circumscribed savings clause that permits a federal prisoner to file a § 2241 petition attacking his underlying conviction if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *United States, ex rel Perez*

*v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002) (quoting 28 U.S.C. § 2255). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Lurie*, 207 F.3d at 1078 (quoting *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)).

Inmates typically attempt to utilize § 2241 to attack their underlying federal conviction when there is a procedural barrier to their filing a motion to vacate pursuant to § 2255, such as § 2255's one-year statute of limitations or the restrictions on filing a second or successive § 2255 motion. However, "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Hill*, 349 F.3d at 1091. Section 2255 is not inadequate or ineffective merely because a remedy under § 2255 is barred by that section's one-year statute of limitations or because § 2255 relief has already been denied. *Lurie*, 207 F.3d at 1077. In addition, § 2255 is not inadequate or ineffective where the petitioner could have maintained his claims, including a claim of actual innnocence, in a timely § 2255 motion or on direct appeal. *Lurie*, 207 F.3d at 1077-78.

In *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001), the United States Court of Appeals for the Fifth Circuit held that § 2241 jurisdiction is triggered by the savings clause in § 2255 if (1) the petitioner's claim "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense" (*i.e*, he is actually innocent of the offense), and (2) the claim "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena*, 243 F.3d at 904. Citing the Fifth Circuit's decision in *Reyes-Requena* and other cases, the Eighth

– 8 –

Circuit has indicated that § 2241 jurisdiction may be triggered by the savings clause in § 2255 if the petitioner demonstrates that (1) he is actually innocent of the crime for which he was convicted and (2) he had no earlier "unobstructed procedural opportunity" to present his claim. *Abdullah v. Hedrick*, 392 F.3d 957, 960-63 (8th Cir. 2004).  Other courts have required petitioners to satisfy these two requirements to meet the savings clause in § 2255. *See, e.g.*, *Stephens v. Herrera*, 464 F.3d 895, 898-99 (9th Cir. 2006); *Scull v. Sanders*, 2007 U.S. Dist. LEXIS 35643, No. 2:07CV00006 JMM-JFF (E.D. Ark. May 15, 2007) (adopting findings and recommendations of magistrate judge, 2007 U.S. Dist. LEXIS 35385 (April 30, 2007)).

        The Magistrate Judge finds that Petitioner has not shown that he had no earlier unobstructed procedural opportunity to present his claims that his first-degree murder convictions were obtained in violation of due process and he is actually innocent of his convictions because (1) the residence where the victims were murdered was not Indian country or Indian land, and (2) he could not have committed the murders in violation of 18 U.S.C. § 1111 and 18 U.S.C. § 1153 as he is not an Indian. Petitioner could have raised these claims on direct appeal and in his first § 2255 motion. In fact, in his direct appeal he argued that the district court erred in allowing him to be prosecuted under 18 U.S.C. § 1153 and that the evidence was insufficient to prove a violation of § 1153. The Tenth Circuit found that because Petitioner is a non-Indian and the murder victims were Indians, the indictment should have charged a violation of 18 U.S.C. § 1152, not 18 U.S.C. § 1153. However, the Tenth Circuit held that the "jurisdictional error" in the indictment was harmless beyond a reasonable doubt.  In addition, in his first § 2255 motion Petitioner raised substantially the same grounds that he has raised in support

of his claims that his conviction was obtained in violation of due process and he is actually innocent. The district court rejected these grounds. Because Petitioner has not shown that he had no earlier unobstructed procedural opportunity to present his claims, it is unnecessary to determine whether he has demonstrated that he is actually innocent.

In conclusion, the Magistrate Judge finds that Petitioner has not met his burden of showing that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. Therefore, the Magistrate Judge finds that this Court lacks subject matter jurisdiction to entertain Petitioner's § 2241 petition and recommends that the Respondent's motion to dismiss be granted and that the petition be dismissed without prejudice. *Hill*, 349 F.3d at 1091-93 (affirming district court's dismissal of § 2241 petition, finding that district court properly concluded that § 2255 was adequate and effective to test the legality of the prisoner's conviction and that it therefore lacked subject matter jurisdiction to entertain the petition).

THEREFORE, the Magistrate Judge recommends that Respondent's motion to dismiss be granted and that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed without prejudice for lack of subject matter jurisdiction.

Dated this 24th day of April, 2008.


_____/s/ John F. Forster, Jr._____
UNITED STATES MAGISTRATE JUDGE